### In re HUMAN RIGHTS COMMISSION (Preston Property Management and Leasing Services, Inc., Appellant)

[689 A.2d 458]

No. 96-268

January 3, 1997. Defendant Preston Property Management appeals from an order of the Washington Superior Court compelling compliance with a subpoena duces tecum. We affirm.

On December 11, 1995, Edna Coleman filed a complaint of housing discrimination with the Human Rights Commission against Preston. The complaint alleged a violation of the Vermont Fair Housing and Public Accommodations Act, 9 V.S.A. §§ 4500-4507. Specifically, Coleman claimed that she was denied housing by Preston due to her race, which is African-American. Preston asserted in response that Coleman had a negative credit history and that her application was "incomplete and inaccurate." To investigate the claim, the Commission requested certain information from Preston, including: a list of all residential rental property owned and/or managed by Preston; the name, number and address of each current tenant, identifying which tenants are African-American; the name, number and address of all tenants within the last two years who were African-American; the name, number and address of all prospective African-American tenants who had been rejected by Preston within the last two years; and the rental applications and credit histories of all of Preston's current tenants.

Apart from providing Ms. Coleman's rental application and credit report, Preston refused to provide any of the requested documents. The Commission thereupon issued a subpoena duces tecum for the credit reports and the addresses of all residential property owned by Preston. When Preston refused to comply, the Commission moved to compel compliance, and Preston moved to quash the subpoena. The court granted the Commission's motion to compel and denied Preston's motion to quash. The court further subjected the documents to a protective order requiring that they be kept confidential and not be released ex-

cept by order of the court. Preston appeals.

The Commission has broad power to subpoena documents under 9 V.S.A. § 4553(a)(5), which provides:

> (a) To carry out its duties the commission may:
>
> . . . .
>
> (5) issue subpoenas to compel testimony or access to or production of records, documents and other evidence or possible sources of evidence or the appearance of persons, provided that the subpoena is issued pursuant to a complaint filed in accordance with section 4554 of this title and that there is reasonable cause to believe that those materials or the testimony of the person are material to the complaint.

The Commission explained to Preston that the subpoenaed documents were material to its investigation because they were necessary to determine whether Preston had treated prospective African-American clients differently from prospective non-African-Americans. Preston nevertheless asserts that disclosure of the credit reports would violate the privacy rights of its tenants, and, therefore, that the Commission should be required to demonstrate that they are relevant and that the governmental interest in their disclosure outweighs the tenants' privacy interests. 9 V.S.A. § 2480e provides:

> (a) A person shall not obtain the credit report of a consumer unless:
>
> (1) the report is obtained in response to the order of a court having jurisdiction to issue such an order; or
>
> (2) the person has secured the consent of the consumer, and the report is used for the purpose consented to by the consumer.

Preston cites no authority to engraft specific balancing requirements on the statute. Moreover, as noted, the credit reports in this case were obtained pursuant to a court order, which specifically required that they be held confidentially, and not be released except upon further order of the court. These protections were adequate to protect the tenants' interests.

*Affirmed.*